United States District Court
Southern District of Texas
FILED
MAR - 3 2008
Michael N. Milby, Clerk

United States District Court
Southern District of Texas
ENTERED
MAR 0 4 2008
Michael N. Milby, Clerk
Laredo Division

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

LAREDO DIVISION

| | | |
|---|---|---|
| ESTELA GALLEGOS PEREZ, ET AL., | * * | |
| Plaintiffs, | * * | |
| VS. | * * | CIVIL ACTION NO. L-08-3 |
| LASKO PRODUCTS, INC., ET AL., | * * | |
| Defendants. | * | |

## MEMORANDUM AND ORDER

Pending is Plaintiffs' motion to remand this case to state court (Docket No. 3). For reasons stated herein, the motion is GRANTED.

Plaintiffs challenge the propriety of the removal on several grounds. The Court finds it necessary to discuss only the issue of timeliness.

Defendant Lasko Products, Inc. removed the case on January 8, 2008. Oddly, it filed a terse Notice of Removal in state court and, on the same day, a more detailed Notice of Remand in federal court (Docket No. 1). Both Notices claimed federal diversity jurisdiction, but only the second Notice discussed co-Defendant H.E.B., a non-diverse party. Invoking 28 U.S.C. §1446(b), Lasko asserted that this case, commenced on December 21, 2006, became removable "within one year of the commencement of the action" and upon the discovery of facts which indicated defendant H.E.B. was

improperly named as a party. Plaintiffs timely filed their remand motion on January 30, 2008, and argued, among other things, that the notice of removal was filed beyond the one-year period required by §1446(b) for diversity cases.

Lasko filed a response to the motion (Docket No. 6), claiming under Tedford v. Warner-Lambert Co., 327 F.3d 423 (5th Cir. 2003), an equitable exception to the one-year period. Lasko asserts that "(P)erhaps the most compelling factor" for the exception is the fact that H.E.B. "is not and has never been a proper party to this case." Even were that true, it does not necessarily trigger equitable relief.

The facts in this case do not remotely approximate those in Tedford. There, the plaintiff filed a complaint in state court naming a non-diverse defendant against which she had no valid claim. When learning that the diverse defendant intended to remove, plaintiff amended the complaint adding a different non-diverse defendant. Later, plaintiff signed and postdated a notice of non-suit of that non-diverse defendant, but deliberately held the document without notifying opposing counsel or the court until after the expiration of the one-year limitation. No such tactics are involved here. On the contrary, this record reflects significant laxity on the part of Lasko.

2

The record shows that Lasko was served in January 2007 and filed its answer on February 2, 2007. Defendant H.E.B. had already answered on January 29, 2007. A pretrial guideline order was filed in May 2007. For whatever reason, the depositions of the Plaintiffs were not taken until September. As Lasko itself recognizes, this was "over nine months into the lawsuit." Nothing in the record indicates that Plaintiffs prevented Lasko from acting sooner. Lasko asserts that the Plaintiffs' deposition testimony indicated they had no actual knowledge where the fan in question had been purchased, other than "inadmissible hearsay." Even then, over more three months passed before Lasko decided to allege that H.E.B. was an improper party.

Lasko's position is curious. It asserts that it essentially assumed H.E.B. was a viable party because it had "sold products to H.E.B. over the years." Thus, it assumed that the Plaintiffs in due course "would come forth with properly admissible proof establishing H.E.B. as the seller of the fan." Presumably, H.E.B. labored under the same assumptions, since it also did nothing to contest that it had sold this fan. By Lasko's theory, if this case were still in state court and the Defendants still had not taken depositions, the case would presumably still be removable whenever Defendants finally elected to discover the facts. The Court cannot agree that Lasko used "diligent efforts" in this case. While

3

H.E.B. had no motivation to remove the case, if Lasko was apprehensive about being in state court, and in view of the one-year limitations period, its passive discovery approach was unacceptable.

Under these circumstances, there is no basis for applying the equitable exception. This removal exceeded the one-year limitations period. In fact, it is arguable that the removal also came more than 30 days after Lasko had sufficient information to believe there was no valid cause of action against H.E.B.

The Motion to Remand is GRANTED. The Motion to Dismiss by Defendant H.E.B. (Docket No. 9) is DENIED without prejudice. Since the case was improperly removed, this Court has no jurisdiction to decide the merits of that motion. If, as H.E.B. asserts, there is conclusive evidence of its non-liability, the state judge is fully qualified to make that ruling.

DONE at Laredo, Texas, this 3rd day of March, 2008.

_____
United States District Judge